UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURA LEE MANN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:16-cv-00421-AC<br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED. The matter will be reversed and remanded to the Commissioner for further proceedings. The Commissioner's motion to strike plaintiff's untimely reply brief is GRANTED and that brief was not considered in this decision.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on May 31, 2012. Administrative Record ("AR") 21 (Decision).[2] The disability onset date was alleged to be October 12, 2011. Id. The application was disapproved initially and on reconsideration. Id. On December 19, 2013, ALJ Dante M. Alegre presided over the video hearing on plaintiff's challenge to the disapprovals. AR 35 – 66 (transcript). Plaintiff, who was represented by her counsel Robert C. Hubbs, appeared and testified at the hearing. AR 21. Christopher C. Salvo, a Vocational Expert ("VE"), also testified at the hearing. Id.

On May 1, 2014, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 21-28 (decision), 29-32 (exhibit list). On December 29, 2015, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4 (decision).

Plaintiff filed this action on February 26, 2016. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 18 (Commissioner's summary judgment motion). Plaintiff filed an untimely response (ECF No. 19), which the Commissioner moved to strike (ECF No. 20). As noted above, the motion to strike is GRANTED because plaintiff's response brief was untimely, and the response brief has not been considered.

## II. FACTUAL BACKGROUND

Plaintiff was born on December 28, 1962, and accordingly was, at age 49, a younger person under the regulations, when she filed her application.[3] AR 38. Plaintiff has at least a high school education, and can communicate in English. Id. Plaintiff last worked as a casino floor cashier. AR 39.

---

[2] The AR is electronically filed at ECF Nos. 13-3 to 13-12 (AR 1 to AR 531).
[3] See 20 C.F.R. § 404.1563(c) ("younger person").

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

////

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

4

> Step five: Does the claimant have the residual functional capacity
> perform any other work? If so, the claimant is not disabled. If not,
> the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since October 12, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairment: degenerative disc disease of the cervical spine, status post surgery (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) specifically as follows: the claimant can lift and carry twenty-five pounds occasionally and ten pounds frequently; the claimant can stand and/or walk six hours in an eight-hour workday and sit for six hours in an eight-hour workday; the claimant can frequently climb ramps and stairs; the claimant can occasionally climb ladders, ropes and scaffolds and the claimant can occasionally perform overhead reaching.
>
> 6. [Step 4] The claimant is capable of performing past relevant work as a gaming cashier, a change person, a payroll clerk and a check cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from October 12, 2011, through the date of this decision (20 CFR 404.1520(g)).

AR 23-28.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 28.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred (1) at Step 2, Step 3, and Step 4 by making no findings concerning plaintiff's extremity impairments, including failure to properly credit treating physician Dr. Nijjar at Step 3; (2) by failing to give clear and convincing reasons for discounting plaintiff's credibility; (3) by failing to consider plaintiff's statements about upper and lower extremity pain in calculating plaintiff's RFC; and (4) by giving an incomplete hypothetical to the vocational expert that did not include the consultative examiner's observed cervical spine extension and flexion limitations.  ECF No. 14 at 6.  Plaintiff requests that the matter be remanded to the Commissioner for rehearing.  Plaintiff also asks that plaintiff be awarded benefits as of the onset date alleged by this court unless, within 90 days of judgment, the Commissioner has rendered a final decision on plaintiff's claim.  Id.

### A.  Analysis at Step 2

The ALJ erred at Step 2 by entirely failing to address plaintiff's lower and upper extremity impairments.  "The step-two inquiry is a de minimis screening device to dispose of groundless claims."  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account.  Bowen v. Yuckert, 482 U.S. 137, 153 (1987).  At Step 2 of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c).  "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'"  Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)).  The Step 2 severity determination is "merely a threshold determination of whether the claimant is able to perform his past work.  Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability."  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At Step 2, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). An ALJ's finding that a claimant is not disabled at Step 2 will be upheld where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment." Ukolov, 420 F.3d at 1005. However, an ALJ is not permitted to limit his or her review to certain impairments to the complete exclusion of others; to ignore medical evidence without giving specific and legitimate reasons for doing so is error. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996)

B.   The ALJ Failed to Account for Extremity Pain at Step Two

Here, at Step 2 the ALJ mentioned only degenerative disc disease of the cervical spine, status post surgery, as a severe impairment and entirely failed to account for plaintiff's extremity pain. AR 23. The ALJ did not find any non-severe impairments. Id. This outcome is not supported by the record, which repeatedly refers to impairments of plaintiff's extremities.

Plaintiff's pre-hearing brief to the ALJ asserted right shoulder, scapula and arm pain, right elbow epicondylitis, and intermittent claudication and vascular insufficiency of the lower extremities as "severe medical impairments." AR 255-56. Plaintiff included lack of circulation in her hands and feet on her 3441 Disability Report Appeal Form to the Commissioner. AR 242 at Section 2 ("Lack of circulation in feet and hands."). She presented medical evidence of these extremity impairments. Multiple notes from treating physician Dr. Ross Tye, M.D. and the family nurse practitioner working under his direction, FNP Laura Loudermilk, indicate plaintiff had pain in her upper and lower extremities that limited their use. See AR 393 (scapular pain and upper extremity dysfunction), 396 (radicular symptoms in upper extremities with occasional numb fingers), 397 (pain interfered with plaintiff elevating her arms, combing her hair, radicular symptoms down right upper extremity), 398 (noting pain in elevating shoulder, plaintiff could not flex or extend shoulders without significant pain). Treating physician John McDermott likewise described upper and lower extremity pain. See AR 517 (pain extending into lower extremities,

7

erythema of the extremities), 522 (symptoms in feet, diagnosis of atherosclerosis of native arteries of the extremities with intermittent claudication), 526 (lower extremity numbness and tingling, mottling and discoloration of lower extremities). Plaintiff also testified to foot and hand problems at her hearing. AR 42 ("I've got feet problems also. They go numb and my hands go numb and they tingle.")

The repeated references to plaintiff's upper and lower extremity pain required the ALJ to address these conditions at Step 2. His failure to address all of plaintiff's alleged impairments is reversible error.

C. Plaintiff's Other Contentions

In light of the remand required by the ALJ's error at Step 2 of the sequential evaluation, the court need not address plaintiff's remaining claims. Haverlock v. Colvin, No. 2:12-cv-2393 DAD, 2014 WL 670202 (E.D. Cal. Feb. 20, 2014); see also Frazier v. Soc. Sec. Admin., No. 2:13-CV-0756 GEB CMK, 2014 WL 4418199, at *4 (E.D. Cal. Sept. 4, 2014) (after finding step two error "the other errors claimed by plaintiff need not be analyzed at this time"); Moreno v. Astrue, No. 2:11-cv-2454 CKD, 2013 WL 599962, at *8 (E.D. Cal. Feb. 14, 2013) ("Because the ALJ committed error at step two of the disability evaluation in failing to consider several findings from Drs. Klein, Scaramozzino, Lopez and Adeyomo, the court need not reach these further arguments."); Sanchez v. Apfel, 85 F.Supp.2d 986, 993 n. 10 (C.D. Cal. 2000) ("Having concluded that a remand is appropriate because the ALJ erred in ending the sequential evaluation at Step Two, this Court need not consider the issue of plaintiff's credibility."). Because error was found at Step 2, the undersigned does not reach plaintiff's remaining arguments.

D. Remand

Plaintiff argues that the court should remand for the immediate calculation and award of benefits. However, it is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). Here, the ALJ failed to properly consider alleged impairments at Step 2; further analysis

8

on the basis of all relevant evidence is necessary. Accordingly, the matter will be remanded for further proceedings. To the extent plaintiff asks the court to place specific timing limitations on the ALJ's reconsideration of her case, the court does not have the authority to do so and declines to do so.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The Commissioner's motion to strike (ECF No. 20 is GRANTED);

2. Plaintiff's motion for summary judgment (ECF No. 14), is GRANTED;

3. The Commissioner's cross-motion for summary judgment (ECF No. 18), is DENIED;

4. This matter is REMANDED to the Commissioner for further proceedings; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 12, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE